UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MICHAEL PRINCE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:24-cv-00992-DC-JDP<br><br>ORDER GRANTING APPROVAL OF MINORS' COMPROMISE<br><br>(Doc. No. 56) |

This matter is before the court on Plaintiffs' unopposed motion for approval of the settlement of the minor plaintiffs in this action. (Doc. No. 56.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 59.) For the reasons explained below, the court will grant Plaintiffs' motion.

**BACKGROUND**

This case arises from the death of decedent Michael Prince on July 8, 2023 due to a fentanyl overdose while he was incarcerated as a pretrial detainee at the Sacramento County jail. (Doc. No. 1.) Decedent's estate (Plaintiff Estate of Michael Prince), his mother (Plaintiff Valerie Prince), his wife (Plaintiff Sophia Costello), and his six children (Plaintiffs Elano Costello, Donny Costello, Michael Costello, Isaiah Costello, D.C., and J.C.) brought this action on April 2, 2024, alleging deliberate indifference and negligence by jail custodial staff and medical

1

1  personnel.[1] (*Id.*) In their operative first amended complaint, Plaintiffs assert the following ten
2  claims (i) deliberate indifference; (ii) failure to accommodate disability in violation of the
3  Americans with Disabilities Act; (iii) failure to accommodate disability in violation of the
4  Rehabilitation Act; (iv) unwarranted interference with familial association in violation of the
5  Fourteenth Amendment to the U.S. Constitution; (v) unwarranted interference with familial
6  association in violation of the First Amendment to the U.S. Constitution; (vi) failure to summon
7  medical care; (vii) violation of the Tom Bane Civil Rights Act; (viii) intentional infliction of
8  emotional distress; (ix) negligence; (x) wrongful death. (Doc. No. 30.)

9  The parties participated in settlement conferences with the assigned magistrate judge on
10 October 21, 2024, May 28, 2025, and June 6, 2025, and ultimately settled this case. (Doc. Nos.
11 29, 54, 55.) At the time the settlement was reached on June 6, 2025, decedent's biological
12 daughter Plaintiff D.C. was 17 years old, and decedent's biological son J.C. was 15 years old,
13 thereby requiring court approval of their compromise in this action. (Doc. Nos. 30 at 3; 58-1 at
14 14.)

15 Plaintiffs filed the pending unopposed motion for approval of the compromise of Plaintiffs
16 D.C. and J.C. ("Minor Plaintiffs") on June 20, 2025. (Doc. No. 45.)

17 **LEGAL STANDARD**

18 This court has a duty to protect the interests of minors participating in litigation before it.
19 *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see* Fed. R. Civ. P. 17(c)(2)
20 (requiring the court to "appoint a guardian *ad litem*—or issue another appropriate order—to
21 protect a minor or incompetent person who is unrepresented in an action."). This duty requires a
22 district court to "conduct its own inquiry to determine whether the settlement serves the best
23 interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting
24 *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a
25 settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on

---

[1] Plaintiffs Michael Costello and Isaiah Costello were minors at the time this action was filed, but they were no longer minors at the time the parties reached a settlement of this case in June 2025. (*See* Doc. No. 56-1 at 12.)

2

"whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82.[2]

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is temporary or permanent. *See* L.R. 202(b)(2).

Further, under Local Rule 202(c),

> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor. (*Id.*)

/////

---

[2] Plaintiffs bring several state law claims against Defendants in addition to their federal claims. (Doc. No. 30.) Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims," *Robidoux*, 638 F.3d at 1179 n.2, where as here, a court is exercising supplemental jurisdiction over state law claims, courts apply the *Robidoux* standard to all of the claims. *See A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

# ANALYSIS

Under the terms of the parties' settlement to resolve this entire action, Defendants have agreed to pay a gross settlement amount of $695,000.00, which will be divided equally among all nine Plaintiffs after deduction of Plaintiffs' attorneys' fees (25% of settlement amount).[3] (Doc. No. 56-1 at 13–14.) Thus, the recovery per plaintiff before deduction of attorneys' fees is $77,222.22, and the net recovery per plaintiff after deduction of attorneys' fees is $57,916.67. (*Id.* at 15.) The parties' settlement further provides that the Minor Plaintiffs' recovery share "will be deposited into a blocked account for future payments when they reach the age of 18." (*Id.*)

In their motion, Plaintiffs provide the information required by Local Rule 202(b) and (c), namely the Minor Plaintiffs ages and sex, the nature of the causes of action to be settled against Defendants, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the terms of employment of Plaintiffs' attorney in this action. (*Id.* at 4–13, 15–16.) Specifically, Minor Plaintiffs have been represented by Attorneys Mark E. Merin and Paul Hajime Masuhara, III, of the Law Office of Mark E. Merin, since November 2023, Minor Plaintiffs' retainer agreement provides for a contingency fee of 25% of any recovery on behalf of a minor in this case. (*Id.* at 15.) Accordingly, Minor Plaintiffs' counsel will receive $19,305.55 from each of the Minor Plaintiffs' portions of the settlement. (*Id.* at 16.) Further, the Law Office of Mark E. Merin "did not become involved in this matter at the insistence of any party against whom a claim is asserted and they have not received any compensation for their services to date." (*Id.*)

As shown in the pending motion, the net recovery amount of $57,916.67 is comparable "to recoveries by minor plaintiffs in similar cases involving deliberate indifference to the medical needs of an incarcerated parent resulting in death." (*Id.* at 16) (citing cases). Plaintiffs also recognize that "[w]hile a loss-of-parent is a permanent and significant injury, [Minor Plaintiffs'] claims would be difficult to prove based on the nature of decedent's death (the decedent's

---

[3] In the Eastern District of California, attorney's fees amounting to 25% of the total recovery is considered the benchmark for cases involving minors. *Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases).

1  ingestion of illicit substances) and income (the decedent's income was undocumented through
2  typical sources, such as bank records and tax returns)." (*Id.* at 15.) Finally, the fact that the parties
3  reached their settlement with the assistance of a magistrate judge through a settlement conference
4  also suggests that the settlement is fair and reasonable. *See E.H. v. Cal. Exposition & State Fair*,
5  No. 2:22-cv-01844-DAD-DB, 2023 WL 8527703, at *2 (E.D. Cal. Dec. 8, 2023); *Parenti v. Cnty.*
6  *of Monterey*, No. 14-cv-05481-BLF, 2019 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019) (finding
7  minors' compromise reasonable where "the parties engaged in extensive negotiations with a
8  magistrate judge to reach settlement").

9  Having considered the facts of the case, the claims brought by Minor Plaintiffs, and
10  comparable recoveries to minors in similar cases, the court finds the settlement of Minor
11  Plaintiffs' claims in this case to be fair and reasonable. Further, the court finds Plaintiffs' proposal
12  of depositing Minor Plaintiffs' recoveries into blocked accounts for future payments when they
13  reach the age of 18 to be an appropriate plan and in the interest of Minor Plaintiffs. *See Williams*
14  *v. Cnty. of Monterey*, No. 19-cv-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14,
15  2020) (collecting cases noting that "district courts within the Ninth Circuit commonly order that
16  such funds be deposited into a blocked account for the minor's benefit").

17  Accordingly, the court will grant Plaintiffs' motion for approval of the compromise of
18  Plaintiffs D.C. and J.C.

## CONCLUSION

20  For the reasons explained above:
21  1.  Plaintiffs' motion for approval of the settlement Minor Plaintiffs D.C. and J.C.
22      (Doc. No. 56) is GRANTED;
23  2.  Defendants shall pay Plaintiffs' counsel $77,222.22 for each of the Minor
24      Plaintiffs D.C. and J.C. to resolve their claims, pursuant to the terms of the parties'
25      settlement agreement;
26  3.  Plaintiffs' counsel shall deposit $57,916.67 for Plaintiff D.C. into a blocked
27      account for distribution when she reaches the age of 18;
28  4.  Plaintiffs' counsel shall deposit $57,916.67 for Plaintiff J.C. into a blocked

account for distribution when he reaches the age of 18; and

5. The parties shall file dispositional documents by no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: __**August 22, 2025**__

Dena Coggins
United States District Judge